IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE KING,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA; CITY OF AURORA NEBRASKA; GRENT MOODY, Trooper; REED, Trp # 590; SHAATHOFF, Trp; and B. HAYS, Trp.,<br><br>Defendants. | 8:21CV399<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff, a non-prisoner who is proceeding pro se, brings the same lawsuit he has brought at least two times previously. *See King v. State of Nebraska*, No. 8:21CV306 (D. Neb.); *King v. Moody*, No. 4:21CV3119 (D. Neb.). Plaintiff's Complaint (Filing 1) and supplementary affidavit (Filing 3) are before the court for initial review pursuant to 28 U.S.C. § 1915(e)(2) (court can dismiss at any time an in forma pauperis complaint if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

    In Case No. 8:21CV306, Plaintiff alleged that he had a Nebraska mailing address but was a citizen of Illinois. That case—which alleged diversity jurisdiction—was dismissed without prejudice for lack of subject-matter jurisdiction because it appeared to a legal certainty that Plaintiff's claims for conversion or replevin under Nebraska law were actually for less than the $75,000 jurisdictional amount. (Filing 8 in Case No. 8:21CV306.)

    In Case No. 4:21CV3119, the court dismissed as frivolous Plaintiff's constitutional and state-law claims, noting that:

> As Plaintiff has been *repeatedly* advised in prior cases, sovereign-citizen claims and arguments are routinely rejected as frivolous. *King v. Allison*, No. 4:21CV3053, 2021 WL 2778558, at *2 (D. Neb. July 2, 2021) (noting "misguided" sovereign-citizen argument regarding issuance of traffic citation to plaintiff for not having valid vehicle registration, proof of insurance, or driver's license); *King v. Allison*, No. 4:21CV3052, 2021 WL 1820478, at *2 (D. Neb. May 6, 2021) (same); *King v. Smith*, No. 4:21CV3060, 2021 WL 1820484, at *2 (D. Neb. May 6, 2021) (same); *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307 (D. Neb. Apr. 7, 2021) (dismissing as frivolous sovereign-citizen claim challenging state requirement of having operator's license to drive vehicle).

(Filing 9 at CM/ECF p. 4 in Case No. 4:21CV3119.)

In the case now before the court, Plaintiff alleges that his mailing address is in Sterling, Colorado, but that he is "not a resident of any state" because he lives in his car. (Filing 1 at CM/ECF pp. 2, 14.) He alleges the same facts and makes the same claims that have been rejected in the two above-described cases. (*See* Filing 3 at CM/ECF p. 2 ("No state in the usa have the right to force me to acquire a motor vehicle license and registration against my consent"; "I'm not a resident i don't have an ID and i don't consent to my property being registered and i want the full restoration of property no statute code or act can take away rights protected by the constitution").)

To the extent Plaintiff asserts conversion or replevin claims under Nebraska law based on diversity jurisdiction, these claims will be dismissed for lack of subject-matter jurisdiction for the reasons stated in Filing 8 in Case No. 8:21CV306. To the extent Plaintiff asserts 42 U.S.C. § 1983 claims, they are dismissed as frivolous for the reasons stated in Filing 9 in Case No. 4:21CV3119. Plaintiff is warned that should he file the same case again, remedial action such as sanctions or filing

2

restrictions may be imposed.[1] *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (when litigant engages in pattern of filing frivolous claims, court may order litigant to obtain court approval before filing future lawsuits; requiring plaintiff to certify that future claims to be filed in federal district court are "new claims never before raised and disposed of on the merits by any federal court" and "are not frivolous, malicious, or brought in bad faith"); *Siruk v. State of Minnesota*, No. 20-CV-2373, 2021 WL 1581242, at *3 (D. Minn. Feb. 22, 2021), *report and recommendation adopted sub nom. Siruk v. Minnesota (City of Elk River)*, No. 20-CV-2373, 2021 WL 1577681 (D. Minn. Apr. 22, 2021) ("a court is under no obligation to repeatedly accept baseless filings, particularly those of the sovereign citizen fashion"; "Individuals who file a large volume of cases that are found to be frivolous can be subject to partial or complete restrictions on their ability to file claims without prior authorization of the Court."); *Kaiser v. Morfitt*, No. C19-0049, 2019 WL 1997468, at *3 (N.D. Iowa May 6, 2019), *aff'd,* No. 19-2159, 2019 WL 6521659 (8th Cir. Sept. 13, 2019), *cert. denied,* 141 S. Ct. 820, 208 L. Ed. 2d 401 (2020) (in case that was "the fourth time plaintiff has filed essentially the same frivolous complaint" making jurisdictional arguments "consistent with various fringe theories such as those of the Sovereign Citizen," court dismissed case as frivolous under 28 U.S.C. § 1915(A), noting that "plaintiff [was] wasting his money by refiling the same frivolous lawsuit over and over, [and] wasting the court's time and resources" and "Plaintiff is hereby on notice that if he files the same or similar complaint again, I will take remedial measures, which may include monetary sanctions or putting plaintiff on a 'restricted filer' list").

---

[1] In the past 12 months, Plaintiff and his wife have filed 18 cases in this court. 4:20CV3151, *Reed v. Hovey*; 4:21CV3003, *King v. Turnbull*; 4:21CV3051, *Reed v. Jones*; 4:21CV3052, *King v. Allison*; 4:21CV3053, *King v. Allison*; 4:21CV3060, *King v. Smith*; 4:21CV3079, *Reed v. Smith*; 4:21CV3119, *King v. Moody*; 8:21CV205, *Reed v. Turnbull*; 8:21CV206, *A Man v. Jay*; 8:21CV231, *Reed v. Hagen*; 8:21CV232, *King v. Smith*; 8:21CV242, *King v. Jay*; 8:21CV305, *Reed v. Smith*; 8:21CV306, *King v. State of Neb.*; 8:21CV399, *King v. State of Neb.*; 8:21CV438, *King v. City of North Platte*; 8:21CV441, *King v. State of Neb.*

IT IS ORDERED:

1.  This case is dismissed in its entirety, with Plaintiff's state-law conversion or replevin claims being dismissed for lack of subject-matter jurisdiction, and Plaintiff's 42 U.S.C. § 1983 claims being dismissed as frivolous.

2.  Plaintiff is warned that should he file the same case again, remedial action such as sanctions or filing restrictions may be imposed.

3.  Judgment will be entered by separate document.

DATED this 19th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge